SCHEB, Judge.
Randy Beven Easterly was convicted of conspiracy to traffic in cannabis and attempted trafficking in cannabis. He was sentenced to two consecutive fifteen-year terms of imprisonment and ordered to pay a fine of $20,000. Additionally, the court assessed the following costs against him: court costs of $1,000; $10 pursuant to section 960.20, Florida Statutes (1981) (Crimes Compensation Trust Fund); $2 pursuant to section 943.25(4) (Law Enforcement Training and Correctional Officer Training Trust Fund); and $20 pursuant to section 775.-0835 (optional fine for Crimes Compensation Trust Fund). Five days after entry of judgment and sentence, he filed an affidavit of indigency and was subsequently declared insolvent for the purpose of appeal, and counsel was appointed to represent him. Easterly was represented by private counsel during trial.
On appeal Easterly challenges the fines and costs imposed on the ground that he was insolvent.
We first note that Easterly had not been found insolvent at the time of sentencing. At that time he was represented by private counsel and was not declared insolvent until some time later. Although Easterly relies on Ortiz v. State, 420 So.2d 923 (Fla. 2d DCA 1982), in support of his argument, we note that Ortiz applies only to the assessment of costs against a defendant who is insolvent at the time of sentencing. Therefore, we find no error in the trial court’s assessment of fines and costs against Easterly since, at that time, he was not found to be insolvent.
However, we do find that the fine assessed pursuant to section 775.0835, Florida Statutes (1981), was improper, since Easterly was convicted of felonies which did not result in the injury or death of another person. Moore v. State, 422 So.2d 1069 (Fla. 2d DCA 1982).
Accordingly, we strike the $20 fine imposed pursuant to section 775.0835. We have examined all other points raised by Easterly and find them to be without merit. Therefore, in all other respects, we affirm his judgment and sentences.
GRIMES, A.C.J., and RYDER, J., concur.